IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-03008-WYD-BNB

VICKI DILLARD,

Plaintiff,

v.

THE BANK OF NEW YORK, as Successor to JP Morgan Chase Bank,

Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises on **Defendant's Motion to Dismiss Plaintiff's Complaint Under Fed.R.Civ.P. 12(b)(1) and 12(b)(6)** [Doc. # 51, filed 02/04/2011] (the "Motion").  I respectfully RECOMMEND that the Motion be GRANTED.

### I.  STANDARD OF REVIEW

The plaintiff, Vicki Dillard, is proceeding *pro se*, and I must liberally construe her pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept the plaintiff's well pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff.  City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976).  The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief.  Alvarado v. KOB-

TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).  "The issue is not whether a plaintiff will

ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer,

468 U.S. 183 (1984).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction

under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject
> matter jurisdiction take two forms. First, a facial attack on the
> complaint's allegations as to subject matter jurisdiction questions
> the sufficiency of the complaint.  In reviewing a facial attack on
> the complaint, a district court must accept the allegations in the
> complaint as true.
>
> Second, a party may go beyond allegations contained in the
> complaint and challenge the facts upon which subject matter
> jurisdiction depends.  When reviewing a factual attack on subject
> matter jurisdiction, a district court may not presume the
> truthfulness of the complaint's factual allegations.  A court has
> wide discretion to allow affidavits, other documents, and a limited
> evidentiary hearing to resolve disputed jurisdictional facts under
> Rule 12(b)(1). In such instances, a court's reference to evidence
> outside the pleadings does not convert the motion to a Rule 56
> motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to
> dismiss into a Rule 12(b)(6) motion or a Rule 56 summary
> judgment motion when resolution of the jurisdictional question is
> intertwined with the merits of the case.  The jurisdictional question
> is intertwined with the merits of the case if subject matter
> jurisdiction is dependent on the same statute which provides the
> substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II.  FACTS

1.  On November 2, 2005, Ms. Dillard executed a promissory note (the "Note") to Pemm.Tek Mortgage Services, LLC, to fund the purchase of real property located at 1933 South Downing Street, Denver, Colorado, 80210 (the "Property").  *Complaint*, ¶¶ 7,8-9.

2.  Contemporaneously with the execution of the Note, Ms. Dillard executed a deed of trust to secure the Note (the "Deed of Trust"), with the Denver County Public Trustee designated as the "trustee." Id. at ¶¶ 9-l0.

3.  The defendant cites Exhibit 1 to the Complaint in support of its assertion that JP Morgan Chase Bank acquired the Note and Deed of Trust.  *Motion*, p. 2, ¶ 3.  Exhibit 1 to the Complaint shows that JP Morgan Chase Bank acquired the Note from Residential Funding Corporation.  The record does not contain any evidence regarding how (or whether) Residential Funding Corporation became the holder of the Note.

4.  Defendant Bank of New York ("BNY") is the successor to JP Morgan Chase Bank. *Complaint*, ¶ l.

5.  BNY commenced a foreclosure on February 21, 2007, by filing a Notice of Election and Demand for Sale with the Denver County Public Trustee, and the Public Trustee issued a Notice of Public Trustee Sale on June 2l, 2007.  *Motion*, Ex. A.

6.  Pursuant to Rule 120 of Colorado Rules of Civil Procedure, BNY filed a Verified Motion for Order Authorizing Sale requesting that the Denver District Court find that BNY duly held the Note and was the beneficiary under the Deed of Trust; the Deed of Trust granted a power of sale to the Public Trustee; a default existed under the Note and Deed of Trust; and there

were no other circumstances under the foreclosure statutes that precluded the sale of the Property

(the "Foreclosure Action").  Id. at Ex. B.

7.   The Denver County District Court issued an Order Authorizing Sale of the Property

on April 1, 2007, finding that a reasonable probability existed that Ms. Dillard had defaulted

under the Note and Deed of Trust and the Property could be sold by the Public Trustee.  Id. at

Ex. C.

8.   The Denver County Public Trustee sold the Property on August 7, 2007, with BNY as

the successful bidder, and issued a Certificate of Purchase to BNY.  Id. at Ex. D.

9.   On August 25, 2007, the Denver District Court entered an Order Approving Sale.

*Reply in Support of Defendant's Motion to Dismiss Plaintiff's Complaint Under Fed.R.Civ.P.*

*12(b)(1) and 12(b)(6)* [Doc. #64] (the "Reply"), Ex. 1.

10.   On January 3, 2008, the Public Trustee issued a deed to BNY as successor to JP

Morgan Chase Bank N.A.  Id. at Ex. E.

11.   On November 6, 2007, BNY filed a Verified Complaint in Unlawful Detainer

seeking to evict Ms. Dillard and obtain a judgment for possession of the Property.  The case is

captioned "Bank of New York Trust Co., N.A. v. Vicki R. Dillard-Crowe and any and all other

occupants claiming an interest under the defendants," Case No. 2007CV11152, Denver County

District Court (the "Eviction Action").  Id. at Ex. F.[1]

l2.   Ms. Dillard filed a motion for summary judgment in the Eviction Action seeking a

dismissal of BNY's request for possession of the Property, claiming that the Rule 120

proceedings and the title BNY obtained as a result of those proceedings and the Public Trustee

---

[1]The case was originally filed in County Court but was transferred to the District Court.

sale were void.  On June 19, 2008, the state judge presiding in the Eviction Action issued an

order (filed on June 27, 2008) denying Ms. Dillard's motion for summary judgment and entering

Judgment for Possession of the Property and Writ of Restitution in favor of BNY (the "Eviction

Order").  Id. at Ex. G.

13.    BNY did not obtain possession of the Property at that time because Ms. Dillard filed

an appeal of the Eviction Action to the Colorado Court of Appeals, Case No. 08CAl140.

14.    The Colorado Court of Appeals affirmed the Eviction Order on April 2, 2009.  Id. at

Ex. H.

15.    Ms. Dillard commenced this action on December 17, 2009.  *Motion and Affidavit for*

*Leave to Proceed Under 28 U.S.C. § 1915* [Doc. #1].

16.    On June 2, 2010, BNY obtained a Writ of Restitution in the Eviction Action

permitting BNY to obtain possession of the Property.  Id. at Ex. I.

17.    On August 24, 2010, when BNY took steps to recover the Property, a state judge

held an emergency hearing at the plaintiff's request.  The state judge confirmed that BNY had

the right to possess the Property and ordered that Ms. Dillard and all occupants of the property

claiming through her could be removed.  Id. at Ex. J, p. 16 line 9 through p. 17 line 8.

The Complaint asserts eight claims for relief.  Claim One is titled "Damages for

Misrepresentations, Fraud and Fraud upon the court, No Contract."  *Complaint*, p. 4.  Claim One

challenges the Foreclosure Action and asserts a violation of the Real Estate Settlement

Procedures Act ("RESPA"), 12 U.S.C §§ 2603(a) and 2604(c), and Regulation X, 24 C.F.R. §

3500.7(a).  Id. at pp. 4-6.

Claim Two alleges that Ms. Dillard was denied due process in the Foreclosure Action. Id. at pp. 6-7.

Claim Three alleges that the defendant violated 42 U.S.C. § 1986. Id. at pp. 7-8.

Claim Four alleges that "BNY violated Regulation Z . . ., a vital portion of the Federal Truth in Lending Act, which is contained in title I of the Consumer Credit Protection Act, as amended 15 U.S.C. § 1601 et seq and 12 U.S.C. §2601 *et seq*." Id. at p. 8, ¶ 33. Specifically, Ms. Dillard states that "BNY has not properly and timely disclose to Dillard its' certain terms and costs, her right to cancel certain credit transactions that involve a lien on a consumer's principal dwelling, disclosure of interest rates to variable-rate contracts secured by the consumer's dwelling, her right of rescission under Section 226.15, *inter alia*."[2]

Claim Five alleges that BNY violated 15 U.S.C. § 1625j. Id. at p. 9.

In Claim Six, Ms. Dillard states that BNY "is in violation of Regulation X Sec. 3500.2, for BNY did not properly inform Dillard of mortgage servicing transfers, servicing disclosure statements and applicant acknowledgment; delivery, notices of transfer and loan servicing information." Id. at p. 10, ¶ 41. She further alleges that "BNY has failed to provide the Plaintiff with any RESPA Regulation X Sec. 3500.18 which concerns the validity of contracts and liens - committed by the Defendant. Dillard attests that there is no valid contract between herself and BNY." Id. at ¶ 42.

Claim Seven alleges that the defendant violated the Home Ownership and Equity Protection Act of 1994 ("HOEPA"). Id. at pp. 10-11.

---

[2]I have quoted Ms. Dillard's filings as written, without correction or acknowledgment of error.

Ms. Dillard's Eighth Claim for Relief is brought pursuant to Rule 105 of the Colorado

Rules of Civil Procedure and is titled "Damages." Id. at pp. 11-12. Claim Eight states that the

action brought against Ms. Dillard by BNY "was without any basis in law and violates Rule 17

of Federal and State Rules of Civil Procedure as well as other related Federal law." Id. at p. 12,

¶ 52.

Ms. Dillard seeks "relevant" damages, including punitive damages; declaratory relief;

"Re-newed property title without lien(s); "Revised credit bureaus"; and attorneys' fees. Id. at p.

12, ¶ 54.

### III.   ANALYSIS

#### A.   Challenges to the Foreclosure Action and the Eviction Action

Ms. Dillard challenges the Foreclosure Action in Claims One, Two, and Eight. She also

appears to challenge the Eviction Action in Claim Two. An understanding of the Colorado real

estate foreclosure process is necessary prior to addressing Ms. Dillard's challenges.

The court in Beeler Properties, LLC v. Lowe Enterprises Residential Investors, LLC,

2007 WL 1346591 (D. Colo. May 7, 2007), set forth a summary of the process:

> In Colorado, consensual liens against real property are created by
> recordation of a deed of trust granted by the lender to the public
> trustee of the county where the property is situate. Foreclosure of
> such liens is a hybrid process governed by statute. The process
> involves issuance of orders by the state district court authorizing
> and confirming the sale. C.R.C.P. 120; § 38-38-105, C.R.S.
> However, the process of conducting the sale and the parties' rights
> in such process are largely administrative.
>
> Upon default, if the deed of trust so authorizes, the lender or holder
> of the note may direct the public trustee to sell the property at a
> foreclosure sale. § 38-38-101(1), C.R.S. The lender must also
> seek an order from the state district court authorizing the sale
> under Rule 120. Once a sale is authorized, the public trustee

advertises and conducts the sale. § 38-38-101(4), C.R.S.  The property is sold to the highest bidder who receives a Certificate of Purchase.  Often, the purchaser is the holder of the deed of trust who bids all or part of the debt owed by the borrower.

FN3.  The Rule 120 procedure requires notice and gives the borrower an opportunity to object to the sale.  Under Rule 120(a), the holder of the note files a verified motion in the state court requesting an order authorizing the sale of the property.  The clerk of the court then sets a hearing "not less than 20 nor more than 30 days after the filing of the motion[.]" C.R.C.P. 120(a).  Interested persons who oppose the motion have an opportunity to respond.  C.R.C.P. 120(c).  After hearing, the court must "summarily" either grant or deny the motion. C.R.C.P. 120(d).  If the court authorizes the foreclosure sale, it also "shall require a return of such sale to be made to the court, and if it appears therefrom that such sale was conducted in conformity with the order authorizing the sale, the court shall thereupon enter an order approving the sale."  C.R.C.P. 120(g).

Prior to sale, the borrower may cure the default.  After sale, the borrower and any junior lienholders may redeem the title to the property by paying, to the holder of the Certificate of Purchase, the sum for which the property was sold with interest from the date of sale, together with any taxes paid or other proper charges.  See § 38-38-101 to § 38-38-103, C.R.S.  Redemption thus annuls the sale.  If the redemption period passes, the holder of the Certificate of Purchase may seek an order confirming the sale and obtain a Trustee's Deed.

FN4.  The time for redemption depends upon the nature of the property.  § 3838302, C.R.S.

Rule 120(d) expressly provides that an order authorizing the sale of property is not "an appealable order or judgment."  However, a party may seek injunctive or other relief in any court of competent jurisdiction.  Id.

Id. at *2.

BNY asserts that Ms. Dillard's challenges to the foreclosure action are barred by the

Rooker-Feldman doctrine.  The Rooker-Feldman doctrine "operates as a subject-matter

jurisdictional bar that may be raised at any time." Guttman v. Khalsa, 401 F.3d 1170, 1173 n.2

(10th Cir. 2005). The defendant's Rooker-Feldman argument presents a factual challenge to this

court's subject matter jurisdiction. Under Holt, I do not presume the truth of the factual

allegations in the Complaint. Holt, 46 F.3d at 1003. Instead, I have wide discretion to allow

affidavits and other documents to resolve any disputed jurisdictional facts. Id.

The Rooker-Feldman doctrine is derived from 28 U.S.C. § 1257 which provides that

federal review of state court judgments can be obtained only in the United States Supreme Court.

Exxon Mobil Corp. v. Saudi Basic Indus. Corp. 544 U.S. 280, 291 (2005). The Rooker-Feldman

doctrine prohibits a United States district court from considering claims that have been

adjudicated in state court and claims that are inextricably intertwined with the prior state-court

judgment. Guttman v. G.T.S. Khalsa, 446 F.3d 1027, 1173 (10th Cir. 2006). The Rooker-

Feldman doctrine "applies only to suits filed after state proceedings are final." Id. at 1032.

In the Beeler Properties case, the court noted that "[g]iven the nature of the Colorado

foreclosure process, it is difficult to determine" when the state proceedings are final. 2007 WL

1346591 at *2-*3. "It could be at the time of the sale, expiration of the redemption periods,

upon issuance of an order confirming the sale, or upon issuance of a Trustee's Deed." Id. at *3.

It is undisputed that the Denver District Court entered an order approving the Public

Trustee's foreclosure sale of the Property to BNY on August 25, 2007. It is also undisputed that

the Public Trustee issued a deed to BNY as successor to JP Morgan Chase Bank N.A. on January

3, 2008. On June 19, 2008, the state district court entered an order in the Eviction Action for

Judgment for Possession of the Property in favor of BNY. *Motion*, Ex. G, p. 4. In doing so, the

judge noted that during a hearing in the Eviction Action, Ms. Dillard "attempted to establish title

and the resulting equitable right to possession of the property." Id. at p. 2, ¶ 5.  The judge noted

that "[b]ecause it raised a question as to the legitimacy of the C.R.C.P. 120 proceedings and the

title gained therefrom, this Court asked the parties to brief the issue . . . ." Id. at ¶ 7.  The judge

found that Ms. Dillard failed to provide any evidence in support of her claim to title of the

Property, and he entered Judgment for Possession in favor of BNY.  The record does not contain

evidence of any further proceedings regarding the Foreclosure Action.[3]  Therefore, I find that for

purposes of applying the Rooker-Feldman doctrine, the Foreclosure Action was final on or

before June 19, 2008.

Claim One states that BNY used improper documents and made deceptive

representations in the Foreclosure Action. *Complaint*, pp. 4-5.  Claim Two alleges that Ms.

Dillard was denied due process of law which "must be strictly complied with by one seeking

foreclosure under a power of sale through the public trustee." Id. at pp. 6-7.  Claim Eight is

brought in part pursuant to Rule 105 of the Colorado Rules of Civil Procedure "to completely

determine the controversy and enforce the rights of the parties" with respect to the Property. Id.

at pp. 11-12.  Ms. Dillard seeks money damages, declaratory relief, and "Re-newed property title

without lien(s)." Id. at p. 12, ¶ 54.

These claims seek review in a federal district court of the state foreclosure action.  That is

precisely the type of action barred by Rooker-Feldman.  See Exxon, 544 U.S. at 284 (holding

that the Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of

---

[3]The record contains an appellate decision relating to the Eviction Action. *Motion*, Ex.
H. In the decision, the court expressly stated that the appeal was limited to orders from the
Eviction Action and declined to consider any of Ms. Dillard's arguments relating to the
Foreclosure Action. Id. at pp. 3-4 (as assigned by this court's docketing system, CM-ECF).

injuries caused by state-court judgments rendered before the district court proceedings

commenced and inviting district court review and rejection of those judgments").[4]

In addition, Claim Two appears to challenge the Eviction Action. *Complaint*, p. 6, ¶ 22

(citing to Exhibit 3 which is a Minute Order issued in the Eviction Action). Ms. Dillard states

that she was denied due process in a proceeding when the judge ordered her "to complete a 'form

of summary judgment.'" Id. at ¶ 25 and Ex. 3 (ordering Ms. Dillard to file a motion for summary

judgment). Ms. Dillard further states that she "adamantly objects to the proceeding." Id. at ¶ 25.


The proceeding was held on February 19, 2008, and it addressed the issue of possession

of the property. *Complaint*, Ex. 3; *Motion*, Ex. G, p. 2, ¶ 5. On June 19, 2008, the state court

entered Judgment for Possession in favor of BNY. *Motion*, Ex. G. The state court also issued a

Writ of Restitution. Id. The state appellate court affirmed the lower court's Judgment for

Possession in favor of BNY on April 2, 2009. *Motion*, Ex. H. All issues relating to the question

of whether BNY had a right to possess the Property were final upon issuance of the appellate

court's order on April 2, 2009. Therefore, Ms. Dillard's challenge to the Eviction Action

hearing also is barred by the Rooker-Feldman doctrine.

Ms. Dillard does not provide any competent argument or evidence to show that her

challenges to the Foreclosure Action and Eviction Action are not barred by Rooker-Feldman. To

the contrary, she argues that the state court's judgments are void and that she "has paramount

---

[4]Ms. Dillard's due process claim also fails because the Fifth Amendment "provides no
protection against private actions by private individuals." Smith v. Kitchen, 156 F.3d 1025,
1028 (10th Cir. 1997). The Complaint does not contain any allegations that BNY was acting
under color of state law, see 42 U.S.C. § 1983, or under color of federal law. See Bivens v. Six
Unknown Named Federal Narcotics Agents, 403 U.S. 388 (1971).

and superior title" to the Property.  *Plaintiff's Response to Defendant's Motion to Dismiss*

*Plaintiff's Complaint Under Fed.R.Civ.P. 12(b)(1) and 12(b)(6)* [Doc. #58] (the "Response"),

pp. 2-6.   Those arguments make clear her intent to undo the final state court judgments.[5]

The Motion should be granted insofar as it seeks dismissal of the plaintiff's challenges to

the Foreclosure Action and the Eviction Action as barred by the Rooker-Feldman doctrine.

### B.   RESPA and Regulation X Claims

Claim One also asserts a violation of RESPA, 12 U.S.C §§ 2603(a) and 2604(c), and

Regulation X, 24 C.F.R. § 3500.7(a).  *Complaint*, pp. 5-6.  In Claim Six, Ms. Dillard states that

BNY violated Regulation X, 24 C.F.R. §§ 3500.2 and 3500.18.  Id. at p. 10, ¶¶ 41-42.

RESPA provides in pertinent part:

> Any action pursuant to the provisions of section 2605, 2607, or
> 2608 of this title may be brought in the United States district court
> or in any other court of competent jurisdiction, for the district in
> which the property involved is located, or where the violation is
> alleged to have occurred, within 3 years in the case of a violation
> of section 2605 of this title and 1 year in the case of a violation of
> section 2607 or 2608 of this title from the date of the occurrence of
> the violation, except that actions brought by the Secretary, the
> Attorney General of any State, or the insurance commissioner of
> any State may be brought within 3 years from the date of the
> occurrence of the violation.

12 U.S.C. § 2614.

There is no private right of action under sections 2603(a) and 2604(c).  Collins v FMHA-

USDA, 105 F.3d 1366, 1367-68 (11th Cir. 1997); Reese v. 1st Metro. Mortg. Co., No. 03-2185-

---

[5]In her Response, Ms. Dillard challenges the actual eviction and related Writ of
Restitution. *Response*, p. 6.  These issues are not raised in the Complaint, and I will not address
claims raised for the first time in a brief opposing a dispositive motion.  Moreover, I note that a
writ of restitution is merely a means of execution, and execution of the writ does not extend the
date of finality of the Eviction Action.

KHV, 2003 WL 22454658, at *3-4 (D.Kan. Oct. 28, 2003).  In addition, because 24 C.F.R. §

3500.7 is promulgated under section 2604, no private right of action exists under this regulation.

Ms. Dillard alleges that BNY "is in violation of Regulation X Sec. 3500.2, for BNY did

not properly inform Dillard of mortgage servicing transfers, servicing disclosure statements and

applicant acknowledgment; delivery, notices of transfer and loan servicing information."

*Complaint*, p. 10, ¶ 41.  Section 3500.2 merely contains definitions of the terms used in Part

3500.  It does not provide a cause of action.

Perhaps Ms. Dillard meant to refer to Section 3500.21, which addresses mortgage

servicing transfers.  Section 3500.21 was promulgated under 12 U.S.C. § 2605, which allows a

plaintiff to bring an action within three years of a violation.

Section 3500.21 provides that if a loan servicer assigns, sells, or transfers the right to

perform servicing of the loan, both the transferor servicer and the transferee servicer must notify

the borrower in writing of the assignment, sale, or transfer of the loan servicing.  Id. at §

3500.21(d).  "The term 'servicer' means the person responsible for servicing of a loan (including

the person who makes or holds a loan if such person also services the loan)."  12 U.S.C. § 2605.

It is possible for a plaintiff to state a claim against BNY under section 3500.21.  Here,

however, the Complaint does not contain any allegations that BNY was either a transferor loan

servicer or a transferee loan servicer.  A complaint must contain specific allegations sufficient to

establish that it plausibly supports a claim for relief.  Alvarado v. KOB-TV, L.L.C., 493 F.3d

1210, 1215 n.2 (10th Cir. 2007).  "The burden is on the plaintiff to frame a complaint with

enough factual matter (taken as true) to suggest that he or she is entitled to relief."  Robbins v.

Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations and citation omitted).  Ms.

Dillard does not provide any factual allegations that plausibly support a claim for relief under

section 3500.21.

Ms. Dillard also claims that BNY violated Regulation X, 24 C.F.R. § 3500.18.

*Complaint*, p. 10, ¶ 42.  Section 3500.18 provides that "Section 17 of RESPA (12 U.S.C. 2615)

governs the validity of contracts and liens under RESPA.."  12 U.S.C. 2615 provides that

"[n]othing in [RESPA] shall affect the validity or enforceability of any sale or contract for the

sale of real property or any loan, loan agreement, mortgage, or lien made or arising in connection

with a federally related mortgage loan."  Neither 24 C.F.R. § 3500.18 nor 12 U.S.C. § 2615 give

rise to a cause of action against BNY.

Ms. Dillard has failed to state a claim for relief under RESPA or Regulation X.  The

Motion should be granted insofar as it seeks dismissal of these claims.

### C.   42 U.S.C. § 1986

Ms. Dillard alleges in Claim Three that BNY violated 42 U.S.C. § 1986, which provides

in pertinent part:

> Every person who, having knowledge that any of the wrongs
> conspired to be done, and mentioned in section 1985 of this title,
> are about to be committed, and having power to prevent or aid in
> preventing the commission of the same, neglects or refuses so to
> do, if such wrongful act be committed, shall be liable to the party
> injured, or his legal representatives, for all damages caused by
> such wrongful act, which such person by reasonable diligence
> could have prevented . . . .

Section 1985 prohibits a conspiracy to (1) prevent an officer from performing duties; (2)

obstruct justice, or intimidate a party, witness or juror; and (3) deprive persons of rights or

privileges.  42 U.S.C. § 1985.  "A civil conspiracy is the combination of two or more persons

acting in concert, either to commit an unlawful act or to commit a lawful act by unlawful

means." Singer v. Wadman, 745 F.2d 606, 609 (10th Cir. 1984). The Complaint does not

contain any allegations of a conspiracy nor does it contain any allegations that BNY violated

section 1985. The Motion should be granted insofar as it seeks dismissal of Ms. Dillard's

allegations regarding 42 U.S.C. § 1986.

### D. TILA and HOEPA Claims

Claim Four alleges that "BNY violated Regulation Z . . ., a vital portion of the Federal

Truth in Lending Act, which is contained in title I of the Consumer Credit Protection Act, as

amended 15 U.S.C. § 1601 et seq and 12 U.S.C. §2601 *et seq*." *Complaint*, p. 8, ¶ 33.

Specifically, Ms. Dillard states that "BNY has not properly and timely disclose to Dillard its'

certain terms and costs, her right to cancel certain credit transactions that involve a lien on a

consumer's principal dwelling, disclosure of interest rates to variable-rate contracts secured by

the consumer's dwelling, her right of rescission under Section 226.15, *inter alia*." Claim Seven

alleges that BNY violated the Home Ownership and Equity Protection Act of 1994 ("HOEPA").

Id. at pp. 10-11.

The Third Circuit Court of Appeals has summarized the interplay between TILA,

Regulation Z, and HOEPA as follows:

> TILA is a federal consumer protection statute, intended to promote
> the informed use of credit by requiring certain uniform disclosures
> from lenders. The statute is implemented by Regulation Z, 12
> C.F.R. §§ 226.1 *et seq.* , which requires creditors who make loans
> secured by a borrower's principal dwelling to provide those
> borrowers with certain material disclosures, id. § 226.18. HOEPA,
> enacted as an amendment to TILA, applies to a special class of
> regulated loans that are made at higher interest rates and are
> subject to special disclosure requirements. See 15 U.S.C. § 1639.
> In particular, HOEPA requires lenders to disclose to their
> borrowers the annual percentage rate ("APR") of sums due for the

use of monies loaned and the amount of regular monthly payments.
Id. § 1639(a)(2).

In re Community Bank of Northern Virginia, 622 F.3d 275, 282-83 (3rd Cir. 2010).

Ms. Dillard claims a violation of Regulation Z, 12 C.F.R. § 226.15.  This regulation

addresses the right to rescind for open-ended credit such as credit card transactions.  The

Complaint does not contain any allegations which would invoke section 226.15.  To the extent

Ms. Dillard intended to refer to 12 C.F.R. § 226.23, which discusses the right to rescind in

closed-ended credit transactions such as mortgage loans, her claim fails.

Regulation Z requires that a creditor make certain disclosures to a borrower and that the

disclosures be made "before consummation of the transaction."  12 C.F.R. § 226.17(a) and (b).

A creditor is defined as "the person to whom the debt arising from the consumer credit

transaction is initially payable on the face of the evidence of indebtedness . . . ."  15 U.S.C. §

1602(f).  Ms. Dillard's loan originated with Pemm.Tek.  Therefore, BNY is not a creditor under

TILA, Regulation Z, or HOEPA.

Moreover, these claims are barred by the statute of limitations.  A TILA action must be

brought within "one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).

A violation occurs, and the one year limitations period begins to run, "when credit is extended

through the consummation of the transaction between the creditor and its customer without the

required disclosures being made."  Dryden v. Lou Budke's Arrow Finance Co., 630 F.2d 641,

646 (8th Cir.1980).  Consummation of the transaction occurs "at the time a contractual

relationship is created between a creditor and a customer irrespective of the time of performance

of either party."  Stevens v. Rock Springs National Bank, 497 F.2d 307, 310 (10th Cir.1974).  In

Stevens, the contractual relationship was created when the bank contracted to extend credit.  Id.

In other cases, the contractual relationship has been held to occur when the borrower signed the

promissory note, Rudisell v. Fifth Third Bank, 622 F.2d 243, 246 (6th Cir.1980); on the "date of

the closing" of the loan, Morris v. Lomas and Nettleton Co., 708 F.Supp. 1198, 1203

(D.Kan.1989); and on the date "when the debtors became contractually obligated on the

transaction." In re Vickers, 275 B.R. 401, 407 (Bankr.M.D.Fla.2001).

The credit transaction in this case was completed when Ms. Dillard executed the Note on

November 2, 2005.  Therefore, the one year limitations period began on November 2, 2005.

Because she did not file this action until 2009, her claims are barred.  The Motion should be

granted insofar as it seeks dismissal of Ms. Dillard's claims pursuant to TILA, Regulation Z, and

HOEPA.

### F.  FDCPA Claims

Ms. Dillard's Fifth Claim for Relief states:

> 15 U.S.C. § 1625j provides "It is unlawful to design, compile, and
> furnish any form knowing that such form would be used to create
> the false belief in a consumer that a person other than the creditor
> of such consumer is participating in the collection of or in an
> attempt to collect a debt such consumer allegedly owes such
> creditor, when in fact such person is not so participating."

> BNY knowingly compiled slight, fraudulent, untimely, hand-
> written, incomplete "pieces of paper" that cannot rightly be
> construed as documentation.  For to due so would be to legitimate
> the buffoonery of such "exhibits," while simultaneously neglecting
> the integrity of the court and other vital entities.

*Complaint*, p. 9, ¶¶ 37-38.

There is no 15 U.S.C. § 1625j.  The quoted language is found in the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692j.

17

The FDCPA applies only to debt collectors.  15 U.S.C. § 1692.  A debt collector is

generally defined as "any person who uses any instrumentality of interstate commerce or the

mails in any business the principal purpose of which is the collection of any debts, or who

regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be

owed or due another."  Id. at § 1692a(6).

Ms. Dillard has previously been informed that a mortgage lender collecting its own debt

is not a debt collector under the FDCPA:

> The provisions of the FDCPA apply only to professional debt
> collectors, not creditors or mortgagors.  15 U.S.C. § 1692a(6).  A
> creditor who collects its own debt using its own name is not a
> "debt collector." 15 U.S.C. § 1692a(6).  The pleadings reveal that
> [Aurora Loan Services] was a creditor, not a debt collector subject
> to the FDCPA.  See HSBC Bank USA Nat. Ass'n. as Trustee v.
> Crowe, 2007 WL 4557829 (D.Colo. 2007) (citing Williams v.
> Countrywide Home Loans, Inc., 504 F.Supp.2d 176, 190 (S.D.Tex.
> 2007) (mortgage lenders collecting their own debts are not "debt
> collectors," within the meaning of the FDCPA).  See also Hulse v.
> Ocwen Federal Bank, FSB, 195 F.Supp.2d 1188, 1204 (D.Or.
> 2002) ("the activity of foreclosing on the property pursuant to a
> deed of trust is not the collection of a debt within the meaning of
> the FDCPA.").

Dillard-Crowe v. Aurora Loan Services LLC, Civil Actions Nos. 07-cv-01987-WDM-CBS, 07-

cv-02293-WDM-CBS, 2008 WL 3201226, at *10 (D.Colo. Aug. 5, 2008).

Under the allegations of the Complaint, BNY is not a debt collector within the meaning

of the FDCPA.  Accordingly, the Motion should be granted to the extent it seeks dismissal of the

plaintiff's FDCPA claim.

### G.   Fed.R.Civ.P. 17

Ms. Dillard's Eighth Claim for Relief states that the action brought against Ms. Dillard

by BNY "was without any basis in law and violates Rule 17 of Federal and State Rules of Civil

Procedure as well as other related Federal law." Id. at p. 12, ¶ 52.  Rule 17, Fed.R.Civ.P.,

pertains to real parties in interest and the capacity to sue or be sued.  Rule 17 does not provide

Ms. Dillard with a cause of action.  The Motion should be granted insofar as it seeks dismissal of

Claim Eight's allegations regarding Rule 17.

## IV.   CONCLUSION

I respectfully RECOMMEND that the Motion [Doc. # 51] be GRANTED and that the

Complaint be DISMISSED WITH PREJUDICE.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and

Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and

file specific, written objections.  A party's failure to serve and file specific, written objections

waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas

v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A

party's objections to this recommendation must be both timely and specific to preserve an issue

for *de novo* review by the district court or for appellate review.  United States v. One Parcel of

Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated May 9, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge