IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-03008-WYD-BNB

VICKI DILLARD,

Plaintiff,

v.

THE BANK OF NEW YORK, as Successor to JP Morgan Chase Bank,

Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the plaintiff's **Emergency Motion for Preliminary Injunctive Relief** [Doc. #33, filed 12/14/2010] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff, Vicki Dillard, filed her Complaint on December 29, 2009 [Doc. #4]. The Complaint alleges that on November 2, 2005, Ms. Dillard executed a promissory note in connection with the purchase of real property at 1933 South Downing Street, Denver, Colorado, 80210 (the "Property"). *Complaint*, ¶¶ 7,8-9. Contemporaneously with the execution of the Note, Ms. Dillard executed a deed of trust to secure the Note (the "Deed of Trust"), with the Denver County Public Trustee designated as the "trustee." Id. at ¶¶ 9-l0. The Bank of New York ("BNY") commenced a foreclosure action against the Property in 2007. Id. at ¶ 11.

Ms. Dillard seeks an order restraining BNY from possessing the Property; prohibiting BNY from any further "possessory activity" concerning the Property; and directing BNY to "return immediately possession" of the Property. *Motion*, p. 10.

Injunctive relief is a drastic remedy and is granted only in cases where the right to relief is clearly established. Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964). The burden is on the movant to establish her right to the relief requested. Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975). To obtain a preliminary injunction under Rule 65(a), the plaintiff must show that (1) she will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits. Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980). The plaintiff's right to relief must be clear and unequivocal. Penn, 528 F.2d at 1185.

The following kinds of preliminary injunctions are disfavored: (1) those that disturb the status quo; (2) those that are mandatory as opposed to prohibitory; and (3) those that afford the movant substantially all the relief she may recover at the conclusion of a full trial on the merits. SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096 1098-99 (10th Cir. 1991). "[A]ny preliminary injunction fitting within one of the disfavored categories must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 975 (10th Cir. 2004).

The plaintiff seeks both a mandatory injunction and an injunction that would disturb the status quo.[1] Therefore, she "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of the harms." Id. at 976.

By separate recommendation, I have found that all claims asserted by Ms. Dillard which seek federal review in this court of the state foreclosure action are barred by the Rooker-Feldman doctrine. Therefore, Ms. Dillard is unable to meet her burden to make a strong showing that she is likely to succeed on the merits of her claims.

I respectfully RECOMMEND that the Motion [Doc. # 33] be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

[1]Mandatory injunctions "affirmatively require the nonmovant to act in a particular way." SCFC, 936 F.2d at 1099. Injunctions that disturb the status quo alter the parties existing relationship. Id. at 1100. "The status quo is not defined by the parties' existing *legal rights*; it is defined by the *reality* of the existing status and relationships between the parties, regardless of whether the existing status and relationships may ultimately be found to be in accord or not in accord with the parties' legal rights." Id. (emphasis in original).

Dated May 9, 2011.

                                              BY THE COURT:

                                              s/ Boyd N. Boland
                                              United States Magistrate Judge