UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-03008-WYD-BNB

VICKI DILLARD,

       Plaintiff,

v.

THE BANK OF NEW YORK, as Successor to JP Morgan Chase Bank,

       Defendant.

_____

**ORDER AFFIRMING AND ADOPTING RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE**
_____

I.      <u>INTRODUCTION</u>

THIS MATTER is before the Court on the Defendant's Motion to Dismiss

Complaint Under Fed. R. Civ. 12(b)(1) and 12(b)(6) (ECF No. 51) and Plaintiff's

Emergency Motion for Preliminary Injunctive Relief (ECF No. 33).  The matter was

referred to Magistrate Judge Boland for a Recommendation by Order of Reference

dated January 25, 2010.  On May 9, 2011, Magistrate Judge Boland issued two

Recommendations (ECF Nos. 71 and 72), which are incorporated herein by reference.

*See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1.  Magistrate

Judge Boland recommends therein that Defendant's Motion to Dismiss Complaint

Under Fed. R. Civ. 12(b)(1) and 12(b)(6) be granted and Plaintiff's Emergency Motion

for Preliminary Injunctive Relief be denied.

Magistrate Judge Boland advised the parties that they had fourteen (14) days to

serve and file written, specific objections to the Recommendations.  After seeking leave

from the Court for an extension of time, Plaintiff filed objections to both

Recommendations which necessitates a *de novo* determination as to those specified

proposed findings or recommendations to which objection is made since the nature of

the matter is dispositive.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

II.	BACKGROUND

On November 2, 2005, Dillard ("Plaintiff") executed a promissory note (the

"Note") to Pemm.Tek Mortgage Services, LLC, to fund the purchase of real property

located at 1933 South Downing Street, Denver, Colorado, 80210 (the "Property").

Contemporaneously with the execution of the Note, Plaintiff executed a deed of

trust to secure the Note (the "Deed of Trust") with the Denver County Public Trustee,

designated as the "trustee."

JP Morgan Chase Bank acquired the Note from Residential Funding

Corporation.  The record does not contain any evidence regarding how (or whether)

Residential Funding Corporation became the holder of the Note.  Defendant Bank of

New York ("BNY") is the successor to JP Morgan Chase Bank.

On February 21, 2007, BNY commenced a foreclosure by filing a Notice of

Election and Demand for Sale with the Denver County Public Trustee.  On June 21,

2007, the Public Trustee issued a Notice of Public Trustee Sale.  Pursuant to Rule 120

of Colorado Rules of Civil Procedure, BNY filed a Verified Motion for Order Authorizing

Sale requesting that the Denver District Court find the following: (1) that BNY duly held

the Note and was the beneficiary under the Deed of Trust; (2) the Deed of Trust granted

a power of sale to the Public Trustee; (3) a default existed under the Note and Deed of

Trust; and (4) there were no other circumstances under the foreclosure statutes that

precluded the sale of the Property (the "Foreclosure Action").  On April 7, 2007, the

Denver County District Court issued an Order Authorizing Sale of the Property, finding

that a reasonable probability existed that Plaintiff had defaulted

under the Note and Deed of Trust and the Property could be sold by the Public Trustee.

The Denver County Public Trustee sold the Property on August 7, 2007, with BNY as

the successful bidder, and issued BNY a Certificate of Purchase.  On August 25, 2007,

the Denver District Court entered an Order Approving Sale.  On January 3, 2008, the

Public Trustee issued a deed to BNY as successor to JP Morgan Chase Bank N.A.

On November 6, 2007, BNY filed a Verified Complaint in Unlawful Detainer

seeking to evict Plaintiff and obtain a judgment for possession of the Property. The case

is captioned "Bank of New York Trust Co., N.A. v. Vicki R. Dillard-Crowe and any and all

other occupants claiming an interest under the defendants," Case No. 2007CV11152,

Denver County District Court (the "Eviction Action").  Plaintiff filed a motion for summary

judgment in the Eviction Action seeking a dismissal of BNY's request for possession of

the Property, claiming that the Rule 120 proceedings and the title BNY obtained as a

result of those proceedings and the Public Trustee sale were void.  On June 19, 2008,

the state judge presiding in the Eviction Action issued an

order (filed on June 27, 2008) denying Plaintiff's motion for summary judgment and

entering Judgment for Possession of the Property and Writ of Restitution in favor of

BNY (the "Eviction Order").  BNY did not obtain possession of the Property at that time

because Plaintiff filed an appeal of the Eviction Action to the Colorado Court of Appeals,

Case No. 08CAI140.  On April 2, 2008, the Colorado Court of Appeals affirmed the

Eviction Order.

-3-

On December 17, 2009, Plaintiff commenced this action.  On June 2, 2010, BNY

obtained a Writ of Restitution in the Eviction Action permitting BNY to obtain possession

of the Property.  On August 24, 2010, when BNY took steps to recover the Property, a

state judge held an emergency hearing at Plaintiff's request.  The state judge confirmed

that BNY had the right to possess the Property and ordered that Plaintiff and all

occupants of the property claiming through her could be removed.

In this matter, Plaintiff brings the following eight claims for relief: (1) Claim One

challenges the Foreclosure Action and asserts a violation of the Real Estate Settlement

Procedures Act ("RESPA"), 12 U.S.C §§ 2603(a) and 2604(c), and Regulation X, 24

C.F.R. § 3500.7(a); (2) Claim Two alleges that Plaintiff was denied due process in the

Foreclosure Action; (3) Claim Three alleges that BNY violated 42 U.S.C. § 1986; (4)

Claim Four alleges that BNY violated a portion of the Federal Truth in Lending Act, which

is contained in title I of the Consumer Credit Protection Act, as amended 15 U.S.C.

§ 1601 et seq and 12 U.S.C. §2601 et seq."; (5) Claim Five alleges that BNY violated 15

U.S.C. § 1625j; (6) Claim Six alleges that BNY did not properly inform Plaintiff of

mortgage servicing transfers, servicing disclosure statements and applicant

acknowledgment, delivery, notices of transfer and loan servicing information in violation of

Regulation X Sec. 3500.2; (7) Claim Seven alleges that BNY violated the Home

Ownership and Equity Protection Act of 1994 ("HOEPA"); and (8) Claim Eight is brought

pursuant to Rule 105 of the Colorado Rules of Civil Procedure and is titled "Damages."

III.     RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS (ECF No. 71)

   A.     Standard of Review

As courts of limited jurisdiction, federal courts may only adjudicate cases that the

Constitution and Congress have granted them authority to hear.  *Todd Holding Co., Inc. v. Super Value Stores, Inc.*, 744 F. Supp. 1025, 1026 (D. Colo. 1990).  Thus, the court must satisfy itself of subject matter jurisdiction before proceeding to the merits of a claim.  *Gold v. Local 7 United Food and Commercial Workers Union*, 159 F.3d 1307, 1309-10 (10th Cir. 1998).  "[T]he burden is on the party claiming jurisdiction to show it by a preponderance of the evidence."  *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir.1994).  "Mere conclusory allegations of jurisdiction are not enough."  *United States, ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1196, 1160 (10th Cir. 1999). Where a party moves to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the attack can be either a facial attack to the allegations of the complaint or a factual attack.  *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990).  Where there is a facial attack, the court must look to the factual allegations of the Complaint. *Groundhog v. Keller*, 442 F.2d 674, 677 (10th Cir. 1971).  In a factual attack, the court may consider matters outside the pleadings, and the motion is not converted to a motion for summary judgment.  *Id.*; *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992).

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).  Pursuant to Rule 8, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"  *Ashcroft v. Iqbal*, ___ U.S. __, 129 S. Ct. 1937, 1949 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A pleading that offers

'labels and conclusions' or a formulaic recitation of the elements of a cause of action will

not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further

factual enhancement.'"  *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Furthermore, conclusory allegations are "not entitled to the assumption of truth."  *Id*. at

1950.

    B.    Analysis

    Magistrate Judge Boland recommends that Defendant's Motion to Dismiss be

granted.  (ECF No. 71 at 1.)

        1.    *Rooker-Feldman* Doctrine

    In the motion, Defendant first asserts that Plaintiff's challenges to the Foreclosure

Action are barred by the *Rooker-Feldman* doctrine.  Magistrate Judge Boland agreed

noting that the *Rooker-Feldman* doctrine "operates as a subject-matter jurisdictional bar

that may be raised at any time."  *Guttman v. Khalsa*, 401 F.3d 1170, 1173 n.2 (10th Cir.

2005).  The *Rooker-Feldman* argument presents a factual challenge to this Court's

subject matter jurisdiction.  Magistrate Judge Boland further stated that "[u]nder *Holt*, I do

not presume the truth of the factual allegations in the Complaint.  *Holt*, 46 F.3d at 1003.

Instead, I have wide discretion to allow affidavits and other documents to resolve any

disputed jurisdictional facts. *Id*." (ECF. No. 71 at 8.)

    The *Rooker-Feldman* doctrine is a jurisdictional prohibition based on 28 U.S.C.

§ 1257 which holds that federal review of state court judgments may be obtained only in

the United States Supreme Court.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923);

*Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  The *Rooker-*

*Feldman* doctrine applies to bar "a party losing in state court . . . from seeking what in

substance would be appellate review of the state judgment in a United States district

court, based on the losing party's claim that the state judgment itself violates the loser's

federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).  In other words, it

applies to "cases brought by state-court losers complaining of injuries caused by state-

court judgments rendered before the district court proceedings commenced and inviting

district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic*

*Indus. Corp.*, 544 U.S. 280, 284 (2005).

> Here, Magistrate Judge Boland stated that Claim One alleges

>> that BNY used improper documents and made deceptive
>> representations in the Foreclosure Action.  ...  Claim Two
>> alleges that Ms. Dillard was denied due process of law which
>> 'must be strictly complied with by one seeking foreclosure
>> under a power of sale through the public trustee.'  ...  Claim
>> Eight is brought in part pursuant to Rule 105 of the Colorado
>> Rules of Civil Procedure 'to completely determine the
>> controversy and enforce the rights of the parties' with respect
>> to the Property.  ...  Ms. Dillard seeks money damages,
>> declaratory relief, and 'Re-newed property title without lien(s).'

(ECF No. 71 at 10.)  Additionally, Claim Two challenges the Eviction Action in that Plaintiff

states that she was denied due process.  Thus, Magistrate Judge Boland concluded that

"[t]hese claims seek review in a federal district court of the state Foreclosure Action.  That

is precisely the type of action barred by *Rooker-Feldman*.  *See Exxon*, 544 U.S. at 284."

(ECF No. 71 at 10.)  Thus, Magistrate Judge Boland recommends that Claims One, Two

and Eight be dismissed.

2.    Claims Involving RESPA and Regulation X

In the motion, Defendant also argues that Plaintiff failed to state a claim for relief in

connection with her RESPA and Regulation X Claims.

RESPA provides in pertinent part:

> Any action pursuant to the provisions of section 2605, 2607, or
> 2608 of this title may be brought in the United States district court
> or in any other court of competent jurisdiction, for the district in
> which the property involved is located, or where the violation is
> alleged to have occurred, within 3 years in the case of a violation
> of section 2605 of this title and 1 year in the case of a violation of
> section 2607 or 2608 of this title from the date of the occurrence of
> the violation, except that actions brought by the Secretary, the
> Attorney General of any State, or the insurance commissioner of
> any State may be brought within 3 years from the date of the
> occurrence of the violation.

12 U.S.C. § 2614.  Moreover, there is no private right of action under sections 2603(a)

and 2604(c). *Collins v. FMHA-USDA*, 105 F.3d 1366, 1367-68 (11th Cir. 1997); *Reese v.*

*1st Metro. Mortg. Co.*, No. 03-2185-KHV, 2003 WL 22454658, at *3-4 (D.Kan. Oct. 28,

2003).  In addition, because 24 C.F.R. § 3500.7 is promulgated under section 2604, no

private right of action exists under this regulation.

After a detailed analysis, Magistrate Judge Boland first noted that Plaintiff's

allegation that BNY "is in violation of Regulation X Sec. 3500.2, for BNY did

not properly inform Dillard of mortgage servicing transfers, servicing disclosure

statements and applicant acknowledgment; delivery, notices of transfer and loan servicing

information" does not state a claim because section 3500.2 merely contains definitions of

the terms used in Part 3500.  (ECF No. 71 at 13.)  Second, while Magistrate Judge

Boland noted that "[i]t is possible for a plaintiff to state a claim against BNY under section

3500.21.  Here, however, the Complaint does not contain any allegations that BNY was

either a transferor loan servicer or a transferee loan servicer.  A complaint must contain

specific allegations sufficient to establish that it plausibly supports a claim for relief.

*Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007)." (ECF NO. 71 at

13.)  Finally, Magistrate Judge Boland found that Plaintiff's claim that BNY violated

Regulation X, 24 C.F.R. § 3500.18 should be dismissed because "[n]either 24 C.F.R.

§ 3500.18 nor 12 U.S.C. § 2615 give rise to a cause of action against BNY." (ECF No. 71

at 14.)

> 3.      Claims Involving 42 U.S.C. § 1986

In Claim Three, Plaintiff alleges that BNY violated 42 U.S.C. § 1986, which

provides in pertinent part:

> Every person who, having knowledge that any of the wrongs
> conspired to be done, and mentioned in section 1985 of this title,
> are about to be committed, and having power to prevent or aid in
> preventing the commission of the same, neglects or refuses so to
> do, if such wrongful act be committed, shall be liable to the party
> injured, or his legal representatives, for all damages caused by
> such wrongful act, which such person by reasonable diligence
> could have prevented . . . .

Section 1985 prohibits a conspiracy to (1) prevent an officer from performing duties; (2)

obstruct justice, or intimidate a party, witness or juror; and (3) deprive persons of rights or

privileges. 42 U.S.C. § 1985.  "A civil conspiracy is the combination of two or more

persons acting in concert, either to commit an unlawful act or to commit a lawful act by

unlawful means." *Singer v. Wadman*, 745 F.2d 606, 609 (10th Cir. 1984). Here,

Magistrate Judge Boland reasoned that the Complaint does not contain any allegations of

a conspiracy nor does it contain any allegations that BNY violated section 1985.  Thus,

Plaintiff's allegations regarding 42 U.S.C. § 1986 should be dismissed for failure to state a

claim.

### 4.    Claims Involving TILA and HOEPA

Claim Four alleges that "BNY violated Regulation Z . . ., a vital portion of the
Federal Truth in Lending Act, which is contained in title I of the Consumer Credit
Protection Act, as amended 15 U.S.C. § 1601 et seq and 12 U.S.C. §2601 et seq."
(Compl. ¶ 33.)  Specifically, Plaintiff alleges that "BNY has not properly and timely
disclose [sic] to Dillard its' certain terms and costs, her right to cancel certain credit
transactions that involve a lien on a consumer's principal dwelling, disclosure of interest
rates to variable-rate contracts secured by the consumer's dwelling, her right of rescission
under Section 226.15, inter alia." (Compl. ¶ 34.)  Claim Seven alleges that BNY violated
the Home Ownership and Equity Protection Act of 1994 ("HOEPA").
(Compl. ¶¶ 44-49.)

Citing controlling authority, Magistrate Judge Boland concluded that BNY is not a
creditor under TILA, Regulation Z or HOEPA.  However, even if it was, these claims are
barred by the statute of limitations.  Magistrate Judge Boland noted that a TILA action
must be brought within "one year from the date of the occurrence of the violation."  15
U.S.C. § 1640(e).  A violation occurs, and the one year limitations period begins to run,
"when credit is extended through the consummation of the transaction between the
creditor and its customer without the required disclosures being made."  *Dryden v. Lou
Budke's Arrow Finance Co.*, 630 F.2d 641, 646 (8th Cir. 1980).  Consummation of the
transaction occurs "at the time a contractual relationship is created between a creditor
and a customer irrespective of the time of performance of either party."  *Stevens v. Rock
Springs National Bank*, 497 F.2d 307, 310 (10th Cir. 1974).  Based on the law, Magistrate

Judge Boland concluded that "[t]he credit transaction in this case was completed when Ms. Dillard executed the Note on November 2, 2005.  Therefore, the one year limitations period began on November 2, 2005.  Because Plaintiff did not file this action until 2009, her claims are barred."  (ECF No. 71 at 17.)  Thus, Plaintiff's claim involving TILA, Regulation Z, and HOEPA should be dismissed.

### 5.    Claims Involving FDCPA

As Magistrate Judge Boland correctly notes, the FDCPA applies only to debt collectors.  15 U.S.C. § 1692.  A debt collector is generally defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* at § 1692a(6).  Interestingly, Magistrate Judge Boland cited a 2008 case from this District involving Plaintiff, noting that Plaintiff has previously been informed that a mortgage lender collecting its own debt is not a debt collector under the FDCPA:

> The provisions of the FDCPA apply only to professional debt collectors, not creditors or mortgagors. 15 U.S.C. § 1692a(6). A creditor who collects its own debt using its own name is not a "debt collector." 15 U.S.C. § 1692a(6). The pleadings reveal that [Aurora Loan Services] was a creditor, not a debt collector subject to the FDCPA. *See HSBC Bank USA Nat. Ass'n. as Trustee v. Crowe*, 2007 WL 4557829 (D.Colo. 2007) (citing *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D.Tex. 2007) (mortgage lenders collecting their own debts are not "debt collectors," within the meaning of the FDCPA).  *See also Hulse v. Ocwen Federal Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D.Or. 2002) ("the activity of foreclosing on the property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA.").

*Dillard-Crowe v. Aurora Loan Services LLC*, Civil Actions Nos. 07-cv-01987-WDM-CBS,

07-cv-02293-WDM-CBS, 2008 WL 3201226, at *10 (D.Colo. Aug. 5, 2008).  Thus, based on the allegations in the Complaint, Magistrate Judge Boland concluded that BNY is not a debt collector within the meaning of the FDCPA.  Thus, Plaintiff's claims involving the FDCPA should be dismissed.

### 6.    Claims Involving Fed. R. Civ. P. 17

Finally, Magistrate Judge Boland recommends that Plaintiff's Eighth Claim, alleging that the action brought against Plaintiff by BNY "was without any basis in law and violates Rule 17 ... as well as other related Federal Law," be dismissed because Rule 17 does not provide Plaintiff with a cause of action.  (ECF No. 71 at 18-19.)  Rule 17 pertains to real parties in interest and the capacity to be sued.

### 7.    Plaintiff's Objection

On June 13, 2011, Plaintiff filed an objection to Magistrate Judge Boland's Recommendation.  In her objection, Plaintiff argues that Magistrate Judge Boland erred on two primary grounds, both relating to the application of the *Rooker-Feldman* doctrine.  First, Plaintiff argues that she is not directly challenging any state court judgments in this action, but rather the alleged fraudulent conduct of BNY.  Second, she contends that no final judgment was ever entered in the Foreclosure Action at issue, which would render the *Rooker-Feldman* doctrine inapplicable to this case.

After carefully reviewing the record in this matter, I find that Plaintiff's arguments raised in her objection are new and have never been raised before.  Magistrate Judge Boland's Recommendation (ECF No. 71) is based on a record consisting of the following documents: (1) Plaintiff's Complaint (ECF No. 4); (2) BNY's Motion to Dismiss (ECF No. 51); (3) Plaintiff's Response to BNY's Motion to Dismiss (ECF No. 58); and (4) BNY's

Reply in support of the Motion to Dismiss (ECF No. 64).

BNY argued in its Motion to Dismiss and Reply that Plaintiff's claims are barred under the *Rooker-Feldman* doctrine because they primarily challenge two final state court actions/judgments—the Foreclosure Action and the Eviction Action.  In her Response, Plaintiff argued that the *Rooker-Feldman* doctrine did not apply to this case because the state court judgments were void for various reasons.  Plaintiff made no mention in her Response that she believed that the Order Authorized Sale and Foreclosure Action were not final.  Plaintiff further failed to assert that she is not seeking to overturn the Foreclosure Action and Eviction Action in this case, and is instead focused on alleged unlawful and fraudulent actions committed by BNY before the Order Authorizing Sale was entered.

Based on my review of the Complaint and the relevant record, I find that Plaintiff filed this action seeking to overturn the Foreclosure Action and Eviction Action.  I agree with Magistrate Judge Boland that Claims One, Two and Eight directly challenge the validity the state court actions.  Thus, I find that Magistrate Judge Boland properly concluded that these claims are barred by the *Rooker-Feldman* doctrine.  Moreover, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (citations omitted).  Thus, I find that Plaintiff has waived her right to make new arguments in her objection, and they are overruled.  I also note that Plaintiff raised no objections to the portion of Magistrate Judge Boland's Recommendation that her five other claims be

dismissed on alternate grounds.[1]  No objections having been filed, I am vested with

discretion to review the Recommendation "under any standard [I] deem[] appropriate."

*Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474

U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require

district court review of a magistrate's factual or legal conclusions, under a de novo or any

other standard, when neither party objects to those findings").  Nonetheless, though not

required to do so, I review that portion of the Recommendation to "satisfy [my]self that

there is no clear error on the face of the record."[2]  *See* Fed. R. Civ. P. 72(b) Advisory

Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on

the face of the record.  I find that Magistrate Judge Boland's Recommendation is

thorough, well reasoned and sound.  I agree with Magistrate Judge Boland that

Defendant's Motion to Dismiss should be granted for the reasons stated in both the

Recommendation and this Order.  Plaintiff's claims are properly dismissed with prejudice.

IV.     RECOMMENDATION ON PLAINTIFF'S EMERGENCY MOTION FOR
        PRELIMINARY INJUNCTIVE RELIEF (ECF No. 72)

        A.      Standard of Review

"To obtain a preliminary injunction, the movant must show: (1) a substantial

likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is

---

[1] Magistrate Judge Boland concluded that the Court lacked subject matter
jurisdiction over only three of the eight claims for relief asserted by Plaintiff in this action
under the *Rooker-Feldman* doctrine.

[2] Note, this standard of review is something less than a "clearly erroneous or
contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a de
novo review, FED. R. CIV. P. 72(b).

denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007). "'If the plaintiff can establish that the latter three requirements tip strongly in his favor, the test is modified, and the plaintiff may meet the requirement for showing success on the merits by showing that questions going to the merits are so serious, substantial, difficult and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation.'" *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1255-56 (10th Cir. 2003) (quoting *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)). "A preliminary injunction is an extraordinary remedy; it is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).  The right to relief must be "clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

The following kinds of preliminary injunctions are disfavored: (1) those that disturb the status quo; (2) those that are mandatory as opposed to prohibitory; and (3) those that afford the movant substantially all the relief she may recover at the conclusion of a full trial on the merits. *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096 1098-99 (10th Cir. 1991).  "[A]ny preliminary injunction fitting within one of the disfavored categories must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004).

B.      Analysis

Magistrate Judge Boland recommends that Plaintiff's Motion for Injunctive Relief

be denied.  (ECF No. 72 at 1.)

In the motion, Plaintiff seeks both a mandatory injunction and an injunction that would disturb the status quo.  Thus, Magistrate Judge Boland correctly noted that she "must make s strong showing both with regard to the likelihood of success on the merits and with regard to the balance of the harms." (ECF No. 72 at 3.)  Based on his Recommendation that all claims asserted by Plaintiff which seek federal review in this court of the state Foreclosure Action are barred by the *Rooker-Feldman* doctrine, Magistrate Judge Boland found that Plaintiff is unable to meet her burden to make a strong showing that she is likely to succeed on the merits of her claims.  Thus, Plaintiff's motion should be denied.

### 1.     Plaintiff's Objection

On June 6, 2011, Plaintiff filed an objection to Magistrate Judge Boland's Recommendation.  As a preliminary matter, I point out that the party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  Further, as I previously stated, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Chater*, 75 F.3d at 1426.

In her objection, Plaintiff contends that Magistrate Judge Boland erred in denying her motion for injunctive relief primarily because he misapplied the *Rooker-Feldman* doctrine.  Plaintiff argues that the source of her injury is not from the state court judgment, rather from BNY's conduct independent of the state court judgment.  In other words, Plaintiff asserts that the cause of her injuries is not the final state court civil judgment in the Foreclosure Action, but, instead, that her injuries were caused by BNY's alleged

fraudulent conduct, which should not be barred by the *Rooker-Feldman* doctrine.

Based on my review of the record, I find that Plaintiff's Complaint and motion consist of claims related to the state court judgment, not of independent claims alleging fraudulent actions on the part of BNY.  For example, in her motion for injunctive relief, Plaintiff contends that BNY wrongfully evicted her from the property at issue.  Plaintiff claims that she was evicted pursuant to a writ issued by the Denver District Court that was invalid and void.  She goes on the allege that she was treated improperly throughout the eviction process.  She further claims that because she had filed this lawsuit at the time of her eviction challenging BNY's possessory rights to the subject property, BNY was obligated to seek leave of this Court before proceeding with the eviction.  Plaintiff also claims that BNY violated the Fourth Amendment to the United States Constitution by conducting an unlawful search and seizure.  Also, Plaintiff alleges that BNY evicted her pursuant to a void judgment (the Eviction Order entered by the state court).  Notably, in the conclusion of the motion, Plaintiff asks that the Court enter an injunction restraining BNY from possessing the Property and returning the Property to her.  In her motion, Plaintiff makes no mention that it was BNY's fraudulent conduct—not the state court judgment authorizing the sale of the property—that gave rise to her alleged injuries.

Again, as I previously stated in this Order, Plaintiff's arguments in her objection were not raised before Magistrate Judge Boland.  Plaintiff is improperly raising new issues for the first time in her objection.  Thus, I find that they are deemed waived.  *See Chater*, 75 F.3d at 1426.  Accordingly, I overrule the objection posited by the Plaintiff.  I agree with Magistrate Judge Boland that Plaintiff has failed to sustain her burden of making a strong showing that she is likely to succeed on the merits of her claims.

-17-

Accordingly, I conclude that Plaintiff has failed to satisfy the four prerequisites to obtain a preliminary injunction.

After carefully reviewing Magistrate Judge Boland's Recommendation and Plaintiff's objection, I agree with Magistrate Judge Boland that Plaintiff's Motion should be denied for the reasons stated in both the Recommendation and this Order.  Magistrate Judge Boland's Recommendation is thorough, well reasoned and is adopted.

V.      CONCLUSION

After carefully reviewing Magistrate Judge Boland's Recommendations and Plaintiff's objections, I agree with Magistrate Judge Boland that Defendant's motion to dismiss should be granted for the reasons stated in both the Recommendation (ECF No. #71) and this Order.  I also agree that Magistrate Judge Boland's Recommendation on Plaintiff's motion for injunctive relief should be denied for the reasons stated in both the Recommendation (ECF No. 72) and this Order.  The Recommendations (ECF Nos. 71 and 72) are thorough, well reasoned and are adopted.  Accordingly, Plaintiff's objections are overruled.  Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge Boland (ECF No. 71) is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

FURTHER ORDERED that the Defendant's Motion to Dismiss Complaint Under Fed. R. Civ. 12(b)(1) and 12(b)(6) (ECF No. 51) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE.**  It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge Boland (ECF No. 72) is **AFFIRMED AND ADOPTED**.  In accordance therewith, it

is

FURTHER ORDERED that Plaintiff's Emergency Motion for Preliminary Injunctive

Relief (ECF No. 33) is **DENIED**.

Dated:  July 13, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge